[Crim. No. 5967.   Second Dist., Div. Three.   Jan. 21, 1958.]

THE PEOPLE, Respondent, v. ANDREW CASTELLANOS, Appellant.

Andrew Castellanos, in pro. per., for Appellant.

Edmund G. Brown, Attorney General, and Elizabeth Miller, Deputy Attorney General, for Respondent.

VALLÉE, J.—In a jury trial defendant was convicted of a violation of section 11500 of the Health and Safety Code. He appeals from the judgment. His sole contention is that the court erred in admitting in evidence the information and minutes of the court with respect to a prior conviction of possession of a narcotic.

About 2:20 p. m. on February 8, 1957, a deputy sheriff saw defendant throw 12 marijuana cigarettes to the ground as the deputy sheriff and a fellow officer approached.

Defendant was charged with a prior conviction in that on May 22, 1954 he was convicted of a violation of section 11500 of the Health and Safety Code. On his arraignment he admitted the prior conviction as charged. As part of the People's case, for the purpose of showing defendant knew the 12 cigarettes contained marijuana, the district attorney, over objection, introduced in evidence and read to the jury the information in the prior case which charged that on May 9, 1954, in Ventura County defendant "did unlawfully possess marijuana" and the minutes of the Superior Court of Ventura County in that case which state that defendant pleaded

guilty to the offense charged. Immediately following the reading of these documents the court told the jury that this evidence was introduced for a limited, single purpose: that defendant "is charged here with possessing marijuana, and this evidence that has just been read to you is admitted only for the purpose of constituting evidence if you conclude that it does do that, that it is evidence, that he knew, that he possessed marijuana, and you will hear argument on that subject, but it is limited to that purpose, to the question of knowledge. It is not introduced for the purpose of showing that he was convicted on some other occasion of some other crime, similar or otherwise. It is admitted into evidence only to apply if you think it applies, to the question of knowledge. In other words, if he knowingly possessed marijuana." Defendant did not testify.

■ The general rule is that when a defendant is charged in an accusatory pleading with having suffered a prior conviction and he is asked whether he has suffered such prior conviction and he answers that he has, "the charge of the previous conviction must not be read to the jury, nor alluded to on the trial." (Pen. Code, §§ 1025, 1093.) ■ In a prosecution for the unlawful possession of a narcotic the People must prove, as an essential element of the charge, knowledge on the defendant's part of the narcotic character of the object possessed. The court in *People* v. *Winston*, 46 Cal.2d 151, stated (p. 158 [293 P.2d 40]):

"Defendant's fourth ground for reversal, in relation to the possession charge (count four), raises the most serious question. He offered an instruction informing the jury that knowledge of the narcotic character of the thing possessed is an essential ingredient of the offense charged. The court refused to give it but did give CALJIC No. 703: 'Within the meaning of the law a person is in possession of a narcotic when it is under his dominion and control and, to his knowledge, either is carried on his person or is in his presence and custody, or, if not on his person or in his presence, the possession thereof is immediate, accessible and exclusive to him.' This latter instruction was not sufficient for it did not include the essential element of knowledge of the narcotic character of the particular object possessed. While specific intent to violate the law is immaterial to a conviction for the unlawful possession of a narcotic, knowledge of the object's narcotic character—that is, 'knowledge that the facts exist which bring the act . . . within the provision of [the] code'—is required."

█ Evidence of other acts of a similar nature and of other crimes is admissible in evidence when not too remote, to show defendant's knowledge of the narcotic nature of the object possessed. (*People* v. *Ballard,* 145 Cal.App.2d 94, 98 [302 P.2d 89] ; *People* v. *Torres,* 98 Cal.App.2d 189, 192 [219 P.2d 480].) *People* v. *Denne,* 141 Cal.App.2d 499, 511 [297 P.2d 451], says that the fact the defendant had previously been convicted of possession of narcotics was evidence of knowledge. █ Any evidence which is necessary, pertinent, and material to proof of the crime charged, or which logically and by reasonable inference tends to establish any fact material to the prosecution, is not inadmissible merely because it may prejudice the accused by proof of his guilt of other crimes. (18 Cal.Jur.2d 585, § 137.) This is so despite the provisions of Penal Code, sections 1025 and 1093, which prohibit the reading of or alluding to an admitted charge of previous conviction. (*People* v. *Peete,* 28 Cal.2d 306, 319 [169 P.2d 924].)

The court did not err in admitting in evidence and permitting the district attorney to read to the jury the information and minutes of the court in the prior case for the purpose of showing that defendant knew that the 12 cigarettes contained marijuana.

Affirmed.

Shinn, P. J., and Wood (Parker), J., concurred.