[Crim. No. 1561.   Fourth Dist.   Dec. 8, 1960.]

THE PEOPLE, Respondent, v. TONY C. LEYVA, Appellant.

Tony C. Leyva, in pro. per., for Appellant.

Stanley Mosk, Attorney General, and Elizabeth Miller, Deputy Attorney General, for Respondent.

COUGHLIN, J.—The defendant was charged with, tried for and convicted of a violation of section 11530 of the Health and Safety Code, i.e., the unlawful possession of marijuana, allegedly occurring on September 26, 1959. The information charging him with this offense alleged two prior convictions, i.e., for the unlawful sale of marijuana, being a violation of former section 11500 of the Health and Safety Code, and for grand theft, being a violation of section 487a of the Penal Code. These latter allegations were admitted before trial. From the judgment of imprisonment in the state prison the defendant takes this appeal.

On September 26, 1959, two police officers saw the defendant in the driveway of a residence known as 269 South Allen Street in San Bernardino, in company with a man by the name of Raymond Montoya and a woman named Ernestine Revis, to whom the defendant referred as his common-law wife. He and Montoya left the premises and were followed by the officers. Shortly thereafter the defendant was arrested; was returned to 269 South Allen Street; and the search hereinafter described ensued. The defendant stated that this place was not his residence and, thereupon, permission to conduct a search was obtained from the woman known as Ernestine Revis. In the back yard of these premises a tin can containing marijuana seeds was found among some weeds near a fence; and rolled marijuana cigarettes were found in two other containers which had been buried in different places. The defendant admitted that the marijuana cigarettes in one of these containers belonged to him, but claimed that the cigarettes in the other container and the seeds belonged to someone else; told the officers that he had rolled these cigarettes the night before; said that he had "stashed" them in the places where they were found; remarked to two of the officers "You just can't win. They even find it accidentally"; and proposed to a third officer that they make a "deal," saying "I know a lot of guys, you want to get some big pushers," all of which supports an inference of guilt. The defendant did not testify. The witnesses called on his behalf were Miss Ernestine Revis and defendant's mother, Mrs. Josephine Ramarez. Miss Revis, who was the mother of defendant's two children, and was known as Ernestine Leyva, testified that he did not reside at 269 South Allen Street; but he had been living there once in a while; and that he had come to the house at 3 or 4 o'clock in the morning of the day he was arrested. His mother testified that the defendant

stayed with her at Oro Grande, California. The records of defendant's employer at San Bernardino indicated that he had given his address as 269 South Allen Street. Clothing belonging to defendant was found in the house at this address.

The foregoing statement of fact, compiled pursuant to the controlling rule on appeal (*People* v. *Newland*, 15 Cal.2d 678, 681 [104 P.2d 778]), adequately supports the implied affirmative finding of the jury on the issue of possession. (*People* v. *Millum*, 42 Cal.2d 524, 529 [267 P.2d 1039]; *People* v. *Bagley*, 133 Cal.App.2d 481, 482-484 [284 P.2d 36]; *People* v. *Cuevas*, 131 Cal.App.2d 393, 398 [280 P.2d 831]; *People* v. *Lama*, 129 Cal.App.2d 391, 393 [276 P.2d 816].)

The defendant employed an attorney by the name of Selznick to represent him. Another attorney, by the name of Arias, apparently an associate of Selznick, also appears as an attorney of record. Mr. Arias alone appeared on behalf of the defendant at some of the proceedings preliminary to trial. On the morning of the trial, Mr. Selznick moved the court for permission to withdraw as attorney for the defendant stating that his client was not cooperative. This motion was denied. The defendant did not join therein. Thereupon the case proceeded to trial. Both Mr. Selznick and Mr. Arias were present at this time. On the afternoon of the first day of trial Mr. Selznick failed to appear in court. The trial judge inquired concerning this absence and solicited information indicating that the reason therefor was of a personal nature. Mr. Selznick had not requested permission to be absent and the trial judge indicated disapproval of this conduct. Mr. Arias advised the court that, by previous plan, he was to conduct the trial of the case. Thereupon the court asked the defendant if he was "willing to proceed in the absence of Mr. Selznick" and the defendant replied "Yes, sir." At this time Mr. Arias was an attorney of record for defendant and no objection was made to his proceeding with the case. The next morning Mr. Selznick attended the trial and took charge of and conducted the defendant's case thereafter.

The defendant contends that the judgment should be reversed upon the ground that he was denied due process of law; was not afforded his constitutionally guaranteed right to have effective and good-faith aid of counsel; the district attorney was guilty of prejudicial misconduct; the trial court erred in admitting and instructing upon evidence with respect to defendant's prior conviction for selling marijuana which

was admitted by stipulation; and also erred in permitting off-the-record discussions with counsel out of his presence.

The arguments advanced in support of these contentions are interwoven. The defendant claims that his attorney, Mr. Selznick, did not adequately represent him because of a dispute between them concerning the attorney's fee. There is no evidence in the record upon this subject. At no time did the defendant request the opportunity to employ other counsel, nor did he object to the manner in which his counsel was acting in his case. On the other hand, on appeal, he contends that he was not afforded the assistance of counsel which is guaranteed him by the Constitution in that his attorney's conduct of the case amounted to bad faith and a lack of effective representation, and cites *Glasser* v. *United States,* 315 U.S. 60 [62 S.Ct. 457, 86 L.Ed. 680] ; *Von Moltke* v. *Gillies,* 332 U.S. 708, 725 [68 S.Ct. 316, 92 L.Ed. 309] ; and *Powell* v. *Alabama,* 287 U.S. 45 [53 S.Ct. 55, 77 L.Ed. 158, 84 A.L.R. 527] in support of his position. This contention is based on his statement that he did not employ Mr. Arias to represent him; upon the alleged misconduct of his counsel in entering into a stipulation with the district attorney, in open court, that he, the defendant, was convicted of the offense of unlawfully selling marijuana on January 10, 1952; and in failing to object to the introduction of evidence respecting his association with known narcotic users; and upon the alleged refusal of his attorney to permit him to testify.

The record does not support the claim that Mr. Arias was not acting as the defendant's attorney with his consent. On the occasions prior to trial when Mr. Arias appeared with the defendant in connection with preliminary matters, the defendant did not indicate that the attorney purporting to represent him appeared without his consent. On the afternoon of the first day of the trial, when Mr. Selznick failed to appear, the court asked the defendant whether he was willing to proceed in the absence of Mr. Selznick, and he expressly consented. Defendant now claims that he was acting under the belief that if he did not consent to proceed with Mr. Arias as his attorney, the trial would have proceeded and he would have been without counsel. There is no basis for this belief. The record indicates that at all times the defendant was represented by an attorney of his own choosing.

The claim that the defendant was not afforded "effective," "good faith" representation because of the manner in which the attorney representing him conducted his

defense in the particulars heretofore noted likewise is without merit. The stipulation with respect to the prior conviction was the admission of an uncontroverted fact. Although the allegations with respect to this prior conviction had been admitted by the defendant and, under the provisions of sections 1025 and 1093 of the Penal Code, reading or alluding to them was prohibited, evidence with respect thereto was admissible if relevant to any issue in the case. (*People* v. *Peete,* 28 Cal.2d 306, 319 [169 P.2d 924].) ▮ An essential ingredient of the offense with which the defendant was charged was his knowledge of the marijuana character of the article allegedly possessed by him. (*People* v. *Winston,* 46 Cal.2d 151, 161 [293 P.2d 40].) His plea of not guilty created an issue with respect to this matter. ▮ Evidence of the defendant's involvement in other similar crimes and other acts of a similar nature was admissible on the issue thus raised (*People* v. *Sykes,* 44 Cal.2d 166, 171 [280 P.2d 769]; *People* v. *Castellanos,* 157 Cal.App.2d 36, 39 [320 P.2d 152]; *People* v. *Ballard,* 145 Cal.App.2d 94, 98 [302 P.2d 89]; *People* v. *Denne,* 141 Cal.App.2d 499, 511 [297 P.2d 451]; *People* v. *Torres,* 98 Cal.App.2d 189, 192 [219 P.2d 480]), and was proof that he had knowledge that the substance in the containers found in the back yard at 269 South Allen Street was marijuana. It is settled in this state that "whenever the case is such that proof of one crime tends to prove any fact material in the trial of another, such proof is admissible, and the fact that it may tend to prejudice the defendant in the minds of the jurors is no ground for its exclusion." (*People* v. *Walters,* 98 Cal. 138, 141 [32 P. 864]; *People* v. *Peete, supra,* 28 Cal.2d 306, 315; *People* v. *Castellanos, supra,* 157 Cal.App.2d 36, 39.) ▮ As evidence of defendant's prior conviction for selling marijuana was admissible, the stipulation by his attorney to the fact was not improper and was within the scope of the attorney's authority. (*People* v. *Wilson,* 78 Cal.App.2d 108, 120 [177 P.2d 567]; *People* v. *Hanna,* 36 Cal.App.2d 333, 336 [97 P.2d 847].) ▮ At the trial evidence was introduced, without objection, which showed that the defendant associated with known narcotic users. This evidence was addressed to the issue of knowledge under the rule heretofore noted, and also to the conversation about a "deal," wherein the defendant inferred that he knew "a lot of guys" who were "big pushers." A person who associates with known narcotic users would be inclined to know the distinguishing features of marijuana cigarettes and mari-

juana seeds. Evidence of such association has been considered supportive proof that a defendant had knowledge of the presence of marijuana in his apartment. (*People* v. *Denne, supra,* 141 Cal.App. 2d 499, 511.) The claim that defendant's attorney did not permit him to testify is wholly without any support in the record. One of the witnesses called on defendant's behalf was Ernestine Revis, to whom he referred as his common-law wife. Miss Revis did not respond to the subpoena requiring her presence in court at the time therein indicated. This resulted in a discussion between the court, counsel and the defendant with respect to the method of obtaining her presence, which finally was resolved by the defendant's suggestion that his mother would care for Miss Revis' children during her absence. This incident demonstrates the participation by the defendant individually in matters involving the presentation of his case. If he had desired to act as a witness on his own behalf, there is no reason to believe that he would not have so informed the trial court.

The facts of this case do not bring it within the charge made by the defendant that he did not have effective representation or that his counsel acted in bad faith, within the meaning attributed thereto by the cases which he cites.

"The handling of the defense by counsel of the accused's own choice will not be declared inadequate except in those rare cases where his counsel displays such a lack of diligence and competence as to reduce the trial to a 'farce or a sham.' " (*People* v. *Wein,* 50 Cal.2d 383, 410 [326 P.2d 457].)

The contentions advanced by the defendant with respect to the alleged inadequacy of the representation afforded him by his counsel are not supported by the record; his attorneys complied with the law in the particulars about which he objects; and the services rendered by them on his behalf do not merit the reproach given by him.

The defendant's claim of misconduct on the part of the district attorney was based on the instance involving the request for a stipulation respecting the fact of defendant's prior conviction. He contends that it was misconduct to ask for such a stipulation in open court. This contention is based on the erroneous belief that evidence with respect to the prior conviction was inadmissible. As heretofore shown, such evidence was relevant to the issue of knowledge. Requesting the stipulation did not constitute misconduct.

The trial court admonished the jury that the evidence with respect to defendant's prior conviction and his associa-

tion with known narcotic users, was limited to the issue of knowledge, as heretofore related, and was not to be considered by them for any other purpose. This instruction was proper and to the defendant's advantage. His objection to the instruction is without merit.

During the course of the trial, on three occasions the trial judge and counsel engaged in a discussion at the bench out of the hearing of the jury and the defendant which, in the reporter's transcript on appeal, is indicated as being an "off record discussion." On one occasion the trial judge asked counsel to see him in chambers. No record was made of the proceedings in chambers. The substance of these discussions or the subject of the conference in chambers does not appear. Under the circumstances, it cannot be stated that the defendant was harmed thereby. He was present at all times and made no objection to this procedure; neither did he attempt to accompany his counsel either to the bench or into chambers. Nevertheless, the defendant contends that holding these discussions at the bench, permitting them to be held off the record, and in calling the attorneys into his chambers for a conference, constituted error, and denial of due process of law. In *Snyder* v. *Massachusetts*, 291 U.S. 97, 106 [54 S.Ct. 330, 332, 78 L.Ed. 674, 90 A.L.R. 575], the court said:

"Nowhere in the decisions of this court is there a dictum, and still less a ruling, that the Fourteenth Amendment assures the privilege of presence when presence would be useless, or the benefit but a shadow. . . . So far as the Fourteenth Amendment is concerned, the presence of a defendant is a condition of due process to the extent that a fair and just hearing would be thwarted by his absence, and to that extent only." (*Cf. People* v. *Isby*, 30 Cal.2d 879, 894 [186 P.2d 405]; *People* v. *Teitelbaum*, 163 Cal.App.2d 184, 207 [329 P.2d 157].)

There is no showing that the proceedings to which the defendant now objects in any way thwarted a fair and just hearing of his case. In addition, he made no objection to any of these proceedings, either individually or through his counsel, and therefore waived the same. (*People* v. *Rodriguez*, 169 Cal.App.2d 771, 783 [338 P.2d 41]; *People* v. *Teitelbaum*, *supra*, 163 Cal.App.2d 184, 207.) Moreover, as the record is devoid of any indication respecting the substance of the discussions in question or the subject of the conferences in chambers, the defendant has failed to show any prejudice from any alleged error. His claim amounts only to reliance upon a

barren technicality. (*People* v. *Isby, supra,* 30 Cal.2d 879, 894; *People* v. *Baker,* 164 Cal.App.2d 99, 104 [330 P.2d 240].) The contention is without merit. (*People* v. *Rodriguez, supra,* 169 Cal.App.2d 771, 783.)

After a review of the whole record, we conclude that the defendant was afforded a fair trial, and that the verdict of the jury finding him guilty as charged is adequately supported by the evidence.

The judgment is affirmed.

Griffin, P. J., and Shepard, J., concurred.