[Crim. No. 2236. Fourth Dist. Nov. 16, 1965.]

THE PEOPLE, Plaintiff and Respondent, v. HENRY SYKES, JR., Defendant and Appellant.

Henry Sykes, Jr., in pro. per., and William F. Gavin, under appointment by the District Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Ronald M. George, Deputy Attorney General, for Plaintiff and Respondent.

WHELAN, J.—Defendant was found guilty by a jury of possession of heroin, after admitting a prior conviction of a felony narcotic offense for which he was on parole at the time of the trial. He was given a concurrent prison sentence, and appeals from the judgment of conviction.

About 11:30 p.m. of September 16, 1964, a police officer saw defendant throw a light-colored small object over a low wall onto a lawn after the officer had shone his flashlight on defendant and asked defendant to come to where the officer was.

The officer found a plastic container filled with heroin at a point on the lawn approximately 6 feet from the point at which defendant was when he made the throwing motion. Having observed defendant's gait and observed his eyes, the officer was of opinion that defendant was under some intoxicating influence.

The officer arrested defendant and took him to the police station where defendant was given an intoximeter test, to which he made no objection. He was not advised that he might refuse to take the test, nor that he had a right to counsel and to remain silent.

At about 12:30 a.m. of September 17, defendant was examined by Dr. Williams, a police physician. As the result of that examination, which included observation of defendant's pupils, gait and speech and of five needle marks and scarring on one arm, Williams was of opinion that defendant was a heroin user and was under the influence of a narcotic. Williams did not testify what defendant said to him; and it does not appear that Williams asked questions for the purpose of obtaining incriminating answers.

Defendant testified on his own behalf concerning the previous felony conviction and that he was on parole; that he took weekly Nalline tests, the last having been on the Monday before his arrest, which took place Wednesday night; that he did not throw anything over the fence, did not have possession of the narcotic, and had never seen the container before the officer showed it to him. On cross-examination, defendant stated that he had drunk two beers and no more the evening of his arrest.

On cross-examination of Williams, defense counsel asked Williams, who had testified that defendant's pupils were 1.5 mm in diameter, to say what was the size of counsel's pupils. Williams responded: "Am I on trial or is this—excuse me." At this point, the court said: "Oh, I think you can stand a little cross-examination all right, Dr. Williams."

Later, counsel asked Williams to say what were the sizes of three pencilled dots placed by counsel on a sheet of paper. The district attorney objected. In overruling the objection, the court said: "Oh, I think the doctor can handle it all right. Overruled. I'll let him do it."

When counsel asked Williams to estimate what would be the size of counsel's pupils as the result of closing his eyes and then opening them quickly, the district attorney objected. The following ensued:

"THE COURT: Well, I think so, too, and I'm not about to let you become a guinea pig, Mr. Gavin. Read the question back.

"(The question was read by the reporter.)

"THE COURT: Well, I assume when you say 'my' that you're talking about any person, Mr. Gavin. If you're talking about any person, I'll allow it.

"How you react,—you are not the subject of this examination, and I'm not going to allow you to become a guinea pig. If you want to ask the Doctor if he can determine this on any person, and re-word the question and take out the word 'my,' I'll allow you to ask it."

On cross-examination of the arresting officer, defense counsel wished to write "defendant" on a photograph at the point identified as where defendant was standing at the time of the finding of the plastic container. The following took place:

"MR. GAVIN: May I write 'Defendant' over there, your Honor?

"THE COURT: No, just put a W-3, and put another X there.

"MR. GAVIN: The trouble with that, your Honor—

"THE COURT: That's the way I want it done, Mr. Gavin. Let's follow the rules.

"MR. GAVIN: Your Honor, this is my evidence.

"THE COURT: I'm running the Court, Mr. Gavin. You mark it W-3.

"MR. GAVIN: O.K."

In final argument to the jury, the district attorney said: "As I say, Mr. Gavin apparently has made every effort he can to confuse the issues here."

The following ensued:

"MR. GAVIN: Your Honor, I'll object to that. I don't think that's a fair comment, or a fair argument.

"THE COURT: Well, maybe it goes a little too far, but I think he's entitled to comment on your argument.

"I think it's all right; go ahead."

Defendant's contentions are as follows:

1. The court erred in admitting evidence of the intoximeter test over defendant's objection.

2. The court erred in interfering with defense counsel in his presentation of the defendant's case, and in saying that a prosecution witness "could stand a little cross-examination" and could "handle it all right."

3. The court erred in permitting the prosecutor, over objection, to say: "Mr. Gavin [the defense counsel] apparently has made every effort he can to confuse the issues here."

4. The defendant testified only because had he not done so the court would have instructed and the prosecutor commented as to the unfavorable inference that might be drawn according to the practice in California prior to *Griffin* v. *State of California,* 380 U.S. 609 [85 S.Ct. 1229, 14 L.Ed.2d 106]; thus, to his prejudice, defendant was compelled to testify against himself with regard to his prior narcotic conviction.

The voluntary taking of an intoximeter test does not constitute the making of an admission prohibited by *People* v. *Dorado,* 62 Cal.2d 338 [42 Cal.Rptr. 169, 398 P.2d 361], and the Fifth Amendment to the federal Constitution. If the test is voluntarily taken, it is of the same class as a blood-alcohol test, the voluntary submission to which does not constitute testimonial compulsion. (*People* v. *Kemp,* 55 Cal.2d 458 [11 Cal.Rptr. 361, 359 P.2d 913]; *People* v. *Duroncelay,* 48 Cal.2d 766, 770 [312 P.2d 690]; *People* v. *Haeussler,* 41 Cal. 2d 252, 257 [260 P.2d 8].) The privilege against self-incrimination relates only to testimonial compulsion. (*People* v. *Duroncelay, supra,* 48 Cal.2d 766.) Since the test was taken voluntarily, the evidence was admissible.

The evidence was intended to negate the possibility that defendant had been under the influence of alcohol. Defendant in testifying made no claim that he was under the influence of alcohol; the evidence of the result of the test was not inconsistent with defendant's position.

Defendant's claim that the trial court unduly restricted counsel in his cross-examination of the witnesses is chimerical. The direct examination of Dr. Williams occupies less than two full pages of transcript; the cross-examination a full 27 pages.

Defendant's testimony showed his knowledge of narcotics. Since evidence as to such probable knowledge was the purpose of the testimony of Dr. Williams, there seems to be little purpose in discussing the claimed restriction on cross-examination.

The court's designation of the kind of identifying marks to be placed on documents received in evidence was within the court's discretion.

In essence, the charge seems to be one of misconduct because of the quoted remarks of the judge. To us the remarks seem innocuous. In any event, no request was made that the jury be admonished to disregard the court's remarks or that they be stricken.

In the absence of such a request, error may not be premised upon the court's remarks. (*People* v. *Dunaway,* 222 Cal.App.2d 322, 329 [35 Cal.Rptr. 154].)

As to the alleged prejudicial remark of the district attorney in final argument, the trial judge regarded it as a comment upon the content of defense counsel's argument, and not a personal attack upon counsel. We shall accept the trial court's construction, especially since defendant has not seen fit to bring before us the transcript of his own counsel's argument. (*People* v. *Hubbell,* 54 Cal.App.2d 49 [128 P.2d 579].) Again, no request was made that the jury be admonished to disregard the challenged remark.

Defendant contends that a defendant who took the witness stand in a trial in California before *Griffin* v. *State of California, supra,* 380 U.S. 609 [85 S.Ct. 1229, 14 L.Ed.2d 106], necessarily did so because otherwise the jury would be instructed and the district attorney would argue that possibly unfavorable inferences might be drawn from the evidence; that defendant testified only for that reason and thereby was called upon to state that he had a prior narcotic conviction.

In this the argument based on *Griffin* comes full circle. Thus, not only would those who do not testify be protected against hurtful comment in violation of their constitutional right against testimonial self-incrimination but those who do testify would be saved from the consequences, because the testimony is coerced by the threat of possible adverse comment for failure to testify.

A defendant who does not testify is shielded by the guarantee of the Fifth Amendment to the federal Constitution against comment on his failure to testify by the court in its instructions, and by the prosecutor in comment or argument. Therefore, one who does testify will not be heard to say that he was compelled to do so by the fear of adverse comment.

A defendant in a trial had before *Griffin* was decided will not be presumed to have taken the witness stand under compulsion.

We need not speculate as to the motive of the defendant here in giving testimony.

He volunteered information as to his prior conviction; however, that conviction could have been, but was not, shown as a part of the People's case in chief as evidence of his knowledge of the narcotic character of the contraband. (*People* v. *Leyva,* 187 Cal.App.2d 249, 254 [9 Cal.Rptr. 469] ; *People* v. *Spencer,* 140 Cal.App.2d 97 [294 P.2d 997].)

We hold that in testifying defendant was not compelled to give evidence against himself in violation of his rights under the Fifth Amendment to the federal Constitution.

The judgment is affirmed.

Brown (Gerald), P. J., and Coughlin, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied January 12, 1966.