[Crim. No. 860.  In Bank.—April 11, 1902.]

## THE PEOPLE, Respondent, v. FREDERICK H. RADER, Appellant.

CRIMINAL LAW—HOMICIDE—EVIDENCE—POWER OF COURT TO LIMIT CROSS-EXAMINATION.—In a prosecution for murder, it is the right and duty of the court to limit the defendant's cross-examination of the medical witness who attended the deceased, after being shot, up to the time of his death, where such cross-examination was long continued upon immaterial and irrelevant matters of inquiry and ran into a mere repetition of questions already asked.

ID.—CROSS-EXAMINATION OF MEMBER OF CORONER'S JURY.—A witness who was a member of the coroner's jury, the verdict of which was premeditated murder, and whose testimony on his direct examination as a witness upon the trial tended to rebut any presumption of premeditated murder, was properly asked upon his cross-examination in reference to his action as a member of the coroner's jury.

ID.—TESTIMONY TO PART OF CONVERSATION.—It was not error for the court to allow a witness to testify to a part of a conversation when he was unable to testify to the entire conversation.

ID.—SETTING CASE FOR TRIAL—PRESENCE OF DEFENDANT—SILENCE OF RECORD—PRESUMPTION.—Where the defendant had been properly arraigned and pleaded not guilty, and the record is silent in reference to the presence or absence of the defendant or his counsel when the case was set for trial, the presumption is in favor of the regularity of the proceedings and that they were then present.

ID.—CASE SET FOR LEGAL HOLIDAY—RESETTING FOR NEXT DAY—ABSENCE OF DEFENDANT.—Where the case was originally set for trial upon a legal holiday, the defendant who appeared for trial on the next day, without objection that the case had been reset for that day in his absence, was not prejudiced by the resetting of the case. The resetting was unnecessary, as the law authorizes an act which is to be performed upon a day which falls upon a holiday to be performed upon the next business day with the same effect.

APPEAL from a judgment of the Superior Court of Mariposa County and from an order denying a new trial. John M. Corcoran, Judge.

The facts are stated in the opinion of the court.

Oregon Sanders, for Appellant.

Tirey L. Ford, Attorney-General, A. A. Moore, Jr., Deputy Attorney-General, and J. J. Trabucco, District Attorney, for Respondent.

VAN DYKE, J.—The defendant was tried for the crime of murder in the county of Mariposa, and was convicted of murder in the second degree. His motion for a new trial was denied, and he was adjudged to be imprisoned in the state prison at San Quentin for the term of twenty-five years. He appeals from the judgment and order denying a motion for a new trial.

Four points are urged by the appellant on the appeal.

1. The first point made is, that defendant's counsel was not permitted to pursue the cross-examination of one Dr. Gallison, who attended the deceased after being shot and up to the time of his death, to a sufficient length. The examination in chief of this witness occupies eight folios of the transcript. The cross-examination consumed seventy-six folios, when a recess was granted at the request of the defendant's counsel, to enable him to consult physicians in order to frame his questions. After recess the cross-examination continued forty-four more folios, making in all one hundred and twenty. The re-direct examination covers thirty-eight folios, making on direct examination in all forty-six folios. The re-cross-examination covers one hundred and twelve, making in all two hundred and thirty-two folios on cross-examination. After endless repetitions the court remarked to counsel: "I don't wish to interfere, but I will have to if this is continued. I have certainly given you great latitude in asking questions here, and I think you have gone as far as the court should permit you to do. You can take your exception. I will allow no more questions on that subject.

"*Mr. Sanders.*—Well, you will allow us to take an exception.

"*The Court.*—Certainly. I think the court must sometimes intervene and stop this kind of questioning." We think under the circumstances the action of the court was entirely justifiable. "It is the right and duty of the court to expedite business by curtailing cross-examinations upon immaterial and irrelevant matters of inquiry." (*People* v. *Durrant,* 116 Cal. 179.) Equally so when the cross-examination runs into mere repetition of questions already asked.

2. Another error specified is allowing the witness W. Nelson to testify as to the verdict of the coroner's jury. This witness was called on behalf of the defendant, and testified as

follows: "I have resided in this county for fifteen years, in the Coulterville district. I knew Fred Whitman in his lifetime. I heard him make threats against the defendant; he said he came pretty near having a fight with him twice, but by pointing a gun at him, the fight was stopped. He said that if he had any more difficulty with Rader he would kill him." On cross-examination he was asked: "You heard all the evidence brought before the coroner's jury of which you were a member?—A. Yes." Motion by defendant's counsel was made to strike this out, which was denied and exception taken. The witness then continued without further questioning: "I agreed on a verdict with the rest of the jurors. I did n't disclose to the other jurors any of the facts which I now disclose, nor did I disclose any of them to any one until I came on the stand in this case." And after identifying his signature to the coroner's verdict, he was asked this question: "Do you remember whether the verdict at the time you were upon that coroner's jury charged among other things that the defendant here was guilty of willful murder?" to which question defendant's counsel objected. Whereupon counsel for the prosecution stated that the question was for the purpose of testing the memory of the witness, and what influences if any affected the witness since the verdict of the coroner's jury. "If he agreed on a verdict, he certainly remembers it, and it is a part of the business of either side in cross-examination to test the memory of the witness, so for both purposes I ask this question. *The Court.*—I will allow the witness to answer that question. *Mr. Sanders.*—The defendant excepts. A. Well, we found him guilty of willful murder." It had appeared that the witness was a member of the coroner's jury, and after the testimony he had given on his direct examination, the tendency of which, as well as the evident purpose of which, was to rebut any presumption of premeditated murder, it was proper cross-examination to ask him in reference to his action as a member of said jury where the verdict was premeditated murder; in other words, to show that such finding was irreconcilable with his present testimony. We think the court did not abuse its discretion in allowing the question to be asked.

3. As to the third point, the appellant simply states that the court erred in allowing the witness Fontaine to testify to

a part of the conversation when he did not profess to be able to testify to the entire conversation. No specification is pointed out and no authority cited on this point, and we are unable to see that any error was committed in reference thereto.

4. As recited in the transcript, the case was originally set for trial Monday, September 2, 1901. The defendant had previously been properly arraigned and pleaded not guilty. The record is silent in reference to the presence or absence of the defendant or his counsel at the time it was so set. The presumption is in favor of the regularity of the proceedings in the trial court and that they were present. The 2d of September being a holiday, however, the court had the case set for trial for the 3d of September, at which time, it is recited in the transcript, the defendant was in jail and not in court. But the defendant did not object when the case was called for trial, and it does not appear that he was prejudiced in the least by the resetting of the case. Besides, it was unnecessary to reset it, as the law provides that whenever any act is to be performed upon a particular day, which day falls upon a holiday, it may be performed upon the next business day with the same effect. (Civ. Code, sec. 11.)

The judgment and order denying a new trial are affirmed.

Garoutte, J., McFarland, J., Henshaw, J., and Beatty, C. J., concurred.