[Crim. No. 424.   Second Appellate District.—November 4, 1915.]

THE PEOPLE, Respondent, v. JACK MORRELL, Appellant.

CRIMINAL LAW—APPEAL—COMPETENCY OF EVIDENCE—INSUFFICIENT RECORD.—Upon an appeal from a judgment and order denying a new trial in a prosecution for burglary, the question of the competency or admissibility of the various statements offered in evidence as constituting admissions of the accused, cannot be considered, where the transcript does not disclose that any objection thereto was made at the trial.

ID.—BURGLARY—EVIDENCE—RECENT POSSESSION OF STOLEN GOODS—GUILTY CONDUCT.—Where goods  have been feloniously taken by means of a burglary, and they are immediately or soon thereafter found in the possession of a person who gives a false account, or refuses to give any account, of the manner in which he came into the possession, proof of such possession and guilty conduct is presumptive evidence not only that he stole the goods, but that he made use of the means by which access to them was obtained.

ID.—INSTRUCTION—CODE DEFINITION OF BURGLARY—OMISSION OF AMENDMENT—LACK OF PREJUDICE.—In a trial for entering a building with intent to commit larceny, the defendant is not prejudiced because the court, in defining the crime of burglary, incorporated in its instruction the definition of the crime as expressed in section 459 of the Penal Code, but omitted certain words contained in an amendment to that section relating to the entry of a mine or underground portion thereof.

ID.—FORMAL ADJOURNMENT OF TRIAL—DAMAGE TO COURTHOUSE BY EARTHQUAKE—ABSENCE OF DEFENDANT—CONSTITUTIONAL LAW.—The constitutional right of the defendant to be present at every stage of his trial is not interfered with by the formal adjournment for one day, in his absence, of his trial, on account of damage by earthquake to the courthouse.

ID.—LIMITATION OF ARGUMENTS—DISCRETION.—Trial judges have the right to regulate the proceedings in their courts and have the right to exercise a reasonable discretion in the direction of limiting the arguments to be made by counsel.

APPEAL from a judgment of the Superior Court of Imperial County and from an order denying a new trial. Franklin J. Cole, Judge.

The facts are stated in the opinion of the court.

J. A. Berry, for Appellant.

U. S. Webb, Attorney-General, and Robert M. Clarke, Deputy Attorney-General, for Respondent.

JAMES, J.—Defendant was convicted of the crime of burglary in the first degree. A judgment of imprisonment was imposed and he has appealed from that judgment and from an order made denying him a new trial.

It is charged in the information that appellant, together with two other men, burglariously entered the house and building of G. W. Neff, near Holtville in the county of Imperial, with intent to commit the crime of larceny. The house of Neff was located approximately two miles outside of the center of the city of Holtville. Neff resided in that house alone, being unmarried. On the day mentioned in the information he left the house about noon and drove into the city of Holtville, returning about 6 o'clock in the evening. On his way home he passed three men whom he identified as the defendants above referred to. These three men were traveling in the same direction that he was, and he inquired of them whether they wished to ride and one of them responded, no, that they were not going far. Neff drove on to his ranch; he did not go directly to the house, but went to return to a neighbor the wagon which he was using and which he had borrowed that day. He stopped also to converse with another neighbor who was engaged along the roadway. It was perhaps from forty to sixty minutes before he reached the boundary of his own land on his way to his house, and at that time it had become almost dark. As he approached his premises he observed three men coming from that direction. It was too dark, so he testified, for him to discern their features and he could not identify them as being the same three whom he had met earlier in the evening. However, upon entering his house he found that the building had been broken into during his absence and a number of articles taken therefrom, including a gun, a razor, and some groceries and provisions. He reported the occurrence immediately to the officers at Holtville, and the next morning in their search they came upon the camp of this defendant and two others. The men were at that time lying in their blankets. Underneath the head of one was a bundle which was found to contain several of the stolen articles. Not

seeing the gun, inquiry was made for it. At first the men made no response to the demand for the gun, but finally one of them said: "We might as well dig it up." He then indicated a place where the gun was found buried, wrapped in gunny sacks. The officers took the three men in an automobile to the city of Holtville. While on the way, one of the officers said to the three: "You fellows are up against it; you ought to have better sense than that." To this the reply was made by one of the men in the presence of the three: "What can a man get for this? What charge will you put against this?" The officer responded that the charge would be burglary, and the man said that was "pretty hard." The three men were taken into the justice's court to be arraigned. While seated there and while the complaint was being prepared, the justice made some inquiry as to whether the burglary had been committed in the daytime or night-time, when one of the officers turned to the men and asked: "What time was it you fellows burglarized that house?" One of the three (the transcript of the testimony does not show which) responded: "About 8 o'clock." In general substance, this was all the testimony offered and received at the trial. The defendants each testified in the case. They stated that they had come into Imperial County from the Mexican side, where they had been at work building levees; that they intended to camp out until they could secure more employment and that they had established themselves for that purpose with their wagon at the place where the officers found them; that on the night preceding their arrest a stranger had driven by with a team and had asked leave to make use of the fire which was burning, for the purpose of cooking his meal, which permission was accorded him; that before he left he offered them the various articles which the officers found in their possession and which were identified as being part of the things taken from Neff's house, at a small price, and that one of the three bought them, giving about four dollars in money in exchange for the merchandise.

It is urged on behalf of this appellant that the evidence was wholly insufficient to justify the verdict of guilty; first, because the mere possession of stolen property was not sufficient to make out a case against him, and that the additional testimony, in so far as it tended to show incriminating admissions made by any of the trio, did not aid to supply sufficient

evidence upon which a verdict of guilty could be legally returned. Some point is made as to the admissibility of the various statements offered in evidence as constituting admissions of the accused, but any question as to the competency or admissibility of that testimony must be left out of consideration because the transcript does not disclose that any objection thereto was made at the trial. The evidence as we view it, taking the entire narrative as disclosed in the transcript, was sufficient to authorize the jury to find a verdict of guilty. The case did not stand upon evidence of the possession of the stolen property alone for its support, but there were other circumstances shown by the witnesses for the prosecution which all tended to point to the three men as being the perpetrators of the alleged crime. Neff, the complainant, recognized the three men as they were traveling in the direction of his place when he passed them on his way home. The fact that he saw three men coming from the direction of his house or land, about an hour or less time after having passed three on the road, was a circumstance also proper to be taken into consideration by the jury. It is true that in the dusk of the evening he was not able to distinguish the features of the three men he last met, but the number was the same as of those whom he had passed a short while before on the road coming toward his property. A great deal of counsel's argument is devoted to an attempt to sustain the proposition that it would have been imposssible for the men to have traveled from the point where Neff passed them to a distance of one and a half or two miles in the limited time allowed. It must be borne in mind that the statement as to the number of minutes elapsing was not pretended to be absolutely accurate, and it was a question solely for the jury to resolve as to whether under the circumstances the three men passed by Neff were the same as he had seen coming from the direction of his property later, and whether they were the same who had committed the burglary. All of these matters constituted circumstances which, taken in connection with the finding of the stolen property in the possession of the three men and their statements made with reference thereto, as well as the admission of one of them in the presence of the others as to the time the burglary had been committed, might very properly have been considered by the jury as furnishing evidence of guilt.

At the oral argument it was urged that an instruction given by the court with reference to the possession of stolen property being some evidence of guilt, was improper. It was argued that, while the possession of stolen property unexplained would furnish some evidence of guilt where the charge was larceny, it would not furnish evidence that a burglarious entry had been made into a building to accomplish the stealing. The case of *People* v. *Lang,* 142 Cal. 482, [76 Pac. 232], is direct authority in refutation of this contention. In that case the court said: ''The authorities hold that where goods have been feloniously taken by means of a burglary, and they are immediately or soon thereafter found in the possession of a person who gives a false account, or refuses to give any account, of the manner in which he came into the possession, proof of such possession and guilty conduct is presumptive evidence not only that he stole the goods, but that he made use of the means by which access to them was obtained.'' The refusal to give several instructions offered by the defendant at the trial is assigned as error. We have examined carefully the whole body of the instructions given, as well as those refused, and feel satisfied that all matters of law proper to be stated under the charge before the court were contained in the instructions as given. As to some of the instructions which were refused it may perhaps be said that they stated the law correctly, but they in substance were designed merely to emphasize or accentuate propositions which had been covered by the court in the charge which was read to the jury.

We find no merit at all in the contention of counsel that, because the court, in defining the crime of burglary, incorporated in his instruction the definition of the crime as expressed in section 459 of the Penal Code, but omitted certain words contained in an amendment made to that section, prejudicial error was committed. This amendment did not change the definition of the crime as it referred to the entering of a house, room, apartment, warehouse, store, barn, stable, outhouse, or other building, but merely added the words, ''mine or any underground portion thereof.'' In so far as a definition of the crime of burglary was applicable to the facts of this case, the court gave correct information to the jury. The defendant was not charged with entering a mine or underground portion thereof, and therefore he could not have been prejudiced by the omission of the words which composed the amendment.

It is also claimed that the court interfered with the constitutional right of the defendant to be present at every stage of his trial. It appears that on the night of June 22d an earthquake shook the city of El Centro, being the county seat of Imperial County, and the courthouse was damaged. The trial of this case had commenced on June 21st, and on the morning of the 23d the court convened briefly and in the presence of counsel for the defendant, but not in defendant's presence, made an order continuing the trial until the next day, the 24th. Under the extraordinary circumstances it could hardly be claimed that the court committed an error which was prejudicial to any of defendant's rights, any more than if there had been no session at all of court on that day because of the earthquake, or any other cause, and the court had resumed its sessions on the following day. There were no proceedings taken other than that a formal adjournment was ordered, and the defendant was not deprived of the right to be present when any matters affecting his guilt or innocence were presented before the jury.

There is but one more contention which calls for notice. At the conclusion of the trial, the judge presiding announced to counsel that, it being excessively hot, he would limit the argument to a half hour on each side. Trial judges have the right to regulate the proceedings in their courts and have the right to exercise a reasonable discretion in the direction of limiting the arguments to be made by counsel. Viewing the proceedings had at the trial, the charge involved and the comparative brevity of the evidence, we are not prepared to say that the trial judge overstepped the limits of a reasonable discretion in imposing the restriction upon the time for argument.

Other points made are of exceedingly minor importance and, in the view we take of the case, not deserving of particular discussion.

The judgment and order are affirmed.

Conrey, P. J., and Shaw, J., concurred.