[Civ. No. 9058. First Appellate District, Division One.—March 23, 1933.]

THOMAS J. MOONEY, Petitioner, v. SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO, et al., Respondents.

Frank P. Walsh and Leo J. Gallagher for Petitioner.

THE COURT.—The petition for an alternative writ of mandate filed in the above-entitled matter is hereby denied. It is the general rule that a defendant in a felony case should be present when he is arraigned and at every subsequent stage of the trial (16 Cor. Jur., Criminal Law, sec. 2066, p. 813). His presence, however, is not necessary at proceedings which are merely preliminary or formal and no matters affecting his guilt or innocence are presented (*People* v. *Morrell,* 28 Cal. App. 729 [153 Pac. 977]; 16 Cor. Jur., sec. 2068, p. 815). While a defendant's right to be present at the time fixed for setting the case for trial was impliedly recognized in *People* v. *Rader,* 136 Cal. 253 [68 Pac. 707], in *People* v. *Melandrez,* 4 Cal. App. 396 [88 Pac. 372], it was held that such an order made in his absence, where his attorney was present and ample time was given to prepare for trial, was not erroneous. Any error in this connection is of course reviewable on appeal, but is not a ground for the issuance of the writ here demanded. The rule followed in the cases last cited appears to be the correct one, and supports the conclusion that a defendant who is represented by counsel—which is the case here—is not entitled as a matter of right to be present when the case is set for trial.