[Crim. No. 3161.   Third Dist.   Aug. 4, 1961.]

THE PEOPLE, Respondent, v. WILLIE WILLIAMS,
Appellant.

Haven P. Courtney, under appointment by the District
Court of Appeal, for Appellant.

Stanley Mosk, Attorney General, Doris H. Maier, Assistant
Attorney General, and Richard Lee, Deputy Attorney General, for Respondent.

PEEK, J.—The defendant was found guilty of burglary and attempted car theft following a trial by a jury which lasted less than one day. After the verdict was received, the trial court excused the jury and suspended further proceedings because, as the judge stated, ". . . I am not satisfied in my own mind as to the mentality of the defendant. For that reason, I am going to appoint two psychiatrists for a further examination." Within five days, Williams was examined by the two psychiatrists appointed. Their report stated in part: "The history and examination would indicate that the defendant is suffering from a very definite mental illness, probably of some duration, and is of the paranoid type. This is of such severity that it interferes with his ability to accurately appraise his present situation and the events leading up to his arrest and trial. The gross delusional content of his thinking is of such severity that he is not legally sane at this time." The report concluded: "It is the opinion of the examiners that the defendant is legally insane at this time and that he is in need of care and treatment . . ." and recommended that he be committed to the Atascadero State Hospital.

In accordance with the recommendation, and after a trial on the issue, Williams was committed to Atascadero State Hospital. More than two years thereafter, defendant was certified back to Merced County as a sane person and the trial proceedings continued before the Honorable Rance Sischo, rather than the Honorable Gregory Maushart, who had presided during the actual trial. Williams, through his then counsel, moved for a new trial on the ground that he was insane during the time of trial and hence, was tried in violation of section 1367 of the Penal Code. His motion was denied and judgment was entered. He now appeals from the order of the court denying his motion for a new trial and from the judgment.

Although the sufficiency of the evidence to support the verdict is not challenged, we feel compelled to note that the actions of the defendant leading up to his arrest, his comments during the course of the trial, and his testimony in his own behalf can only be described as so completely incoherent and irrational as to lead to but one conclusion: that defendant had little, if any, touch with reality and quite obviously was unable to assist counsel in his defense.

The sole contention raised before this court is that Judge Sischo erred in denying defendant's motion for a new trial.

Section 1367 of the Penal Code provides: "AN INSANE PERSON CANNOT BE TRIED, SENTENCED OR PUNISHED FOR A

PUBLIC OFFENSE. A person cannot be tried, adjudged to punishment, or punished for a public offense, while he is insane.''

Section 1368 of the Penal Code provides: ''If at any time during the pendency of an action and prior to judgment a doubt arises as to the sanity of the defendant, the court must order the question as to his sanity to be determined by a trial by the court without a jury, or with a jury, if a trial by jury is demanded; and, from the time of such order, all proceedings in the criminal prosecution shall be suspended until the question of the sanity of the defendant has been determined, and the trial jury in the criminal prosecution may be discharged, or retained, according to the discretion of the court until the determination of the issue of insanity.''

When Williams was returned to the court, Judge Sischo had no information concerning the defendant which he otherwise might have gained through observation of Williams during the course of the trial. The information he had was the fact that proceedings had been suspended after the jury verdict had been returned; that an examination was made five days after the trial; that the psychiatrists concluded that Williams was suffering from a mental illness, probably of some duration and of such severity that his mental condition was such that it interfered with his ability to accurately appraise his situation and the events leading up to his arrest and trial; and that the gross delusional content of his thinking was of such severity that he was not legally sane. In addition, Judge Sischo knew a trial on defendant's sanity had been had some 12 days after the trial on the merits and Williams was determined to be insane at that time. Absent anything to the contrary, the only reasonable conclusion that can be drawn from the record before Judge Sischo is that Williams was not sane at the time of trial and hence, the trial court abused its discretion in denying his motion for a new trial.

As stated in *People* v. *Berling*, 115 Cal.App.2d 255, 267, 268 [251 P.2d 1077]: ''Article I, section 13, of the California Constitution gives a defendant the right to appear and defend in person, and section 1043 of the Penal Code provides that 'If the prosecution be for a felony, the defendant *must* be present at the trial.' (Italics added.) The rule is familiar and fundamental, 'that the prisoner, in case of a felony, must be present during the *whole* of his trial.' (Italics added) . . . .

''The only reasonable interpretation of the above requirement that a defendant be present at every stage of a felony prosecution is that the accused person must be both

physically and mentally present. Mere physical presence without mental realization of what was going on would obviously be of no value to the accused. A defendant in such condition would be unable to confer with or assist counsel, unable to testify, and without ability to understand the nature of the accusation or the mechanics or consequences of the trial. An interpretation of the rule as requiring only physical presence would lead to such an absurdity as the purported trial of an imbecile or an insane person without the least understanding of what was taking place in the courtroom. Only in the most unenlightened age could such a so-called trial be countenanced.''

Here we are confronted with much the same situation as in *People* v. *Aparicio*, 38 Cal.2d 565, 570 [241 P.2d 221]. In both cases ''the evidence reveals a continuous course of irrational conduct upon the part of the defendant. His actions during all of the proceedings cast grave doubt on his sanity within the meaning of section 1368'' and while it is a delicate matter for a court on review to hold that a trial court has abused its discretion, nevertheless we conclude, as did the court in the Aparicio case, ''on this record the ends of justice will best be served by a new trial.''

The judgment and order denying defendant's motion for a new trial are reversed.

Van Dyke, P. J., concurred.