[Crim. No. 26456. Second Dist., Div. One. Sept. 2, 1975.]

THE PEOPLE, Plaintiff and Respondent, v.
TOM ARTHUR SIPRESS, Defendant and Appellant.

## COUNSEL

Ronald Stuart Smith, under appointment by the Court of Appeal, for Defendant and Appellant.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, S. Clark Moore, Assistant Attorney General, Edward T. Fogel, Jr., and Nancy A. Saggese, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**THOMPSON, J.**—Convicted after a jury trial of sale of cocaine in violation of Health and Safety Code section 11352, appellant contends that the trial court improperly permitted a defense witness to refuse to answer various questions asked of him by claiming the Fifth Amendment privilege. He argues that: (1) the witness was immunized from prosecution by Health and Safety Code section 11367; and (2) the prosecution was required to grant immunity to the witness pursuant to Penal Code section 1324 to preserve appellant's right to a fair trial. Concluding that the record does not establish that Health and Safety Code section 11367 so completely immunized the witness from all possibility of prosecution as to foreclose the possibility that his answers to the questions asked might supply a link in the chain of evidence incriminating the witness and that appellant has not preserved any right he might have to compel that grant of immunity to the witness by requesting the grant at trial, we affirm the judgment.

In November of 1973, Robert (Clutch) Franklin was arrested in possession of 10 pounds of marijuana. Los Angeles Sheriff's Deputy Christopher Guzzetta told Franklin that if he would work with the police there was a possibility that Guzzetta could help him.

On November 23, 1973, Franklin was thoroughly searched by Guzzetta at the Malibu sheriff's station and found to possess no contraband. He accompanied Deputy Sheriff Edward Araiza, working undercover, to an address on Coast Highway where Franklin indicated cocaine could be purchased.

The prosecution's evidence established that appellant sold one ounce of cocaine to Araiza with payment of $200 passing from Araiza to appellant through Franklin. Appellant's defense was that Franklin and not he supplied the cocaine without appellant's knowledge. To corroborate his own testimony, appellant called Franklin as a witness. After having answered a question to the effect that he knew appellant, Franklin indicated that he wished to exercise his privilege against self-incrimination. The trial judge stated that the witness should claim the privilege as each question was asked of him by appellant's counsel and that a ruling would then be made. The trial court sustained Franklin's claim of privilege to questions of whether he went to appellant's home with a police officer, whether he had been promised that if he "set someone up" he would get a $500 bail on a case pending

against him, whether bail was in fact set at $500, whether he was skin-searched on November 23, whether appellant sold him cocaine on that date, whether on November 23 Franklin had a conversation with appellant outside of the presence of Araiza and then handed Araiza cocaine, whether it was a fact that he never bought cocaine from appellant, whether he went to appellant's house as a police informant to attempt to purchase cocaine, whether he had cocaine on his person when he went to appellant's house, whether he asked appellant to sell him cocaine, whether at appellant's house the witness took cocaine from his person and handed it to Araiza, and whether at the time he went to the house Franklin owed appellant $200.

The jury returned a verdict finding appellant guilty of selling cocaine. This appeal from the resulting judgment followed.

Appellant contends that the trial court erred in sustaining Franklin's claim of privilege against self-incrimination rather than requiring Franklin to answer. His contention is two-pronged. He argues that Health and Safety Code section 11367 immunizes Franklin from prosecution for anything involved in the transaction of November 23, 1973, and that in any event due process of law and the right to a fair trial require that the prosecution have granted Franklin immunity under Penal Code section 1324 so as to make his testimony available to appellant's defense.

While Health and Safety Code section 11367 provides: "All duly authorized peace officers, while investigating violations of this division in performance of their official duties, and any person working under their immediate direction, supervision or instruction, are immune from prosecution under this division," and while Franklin was concededly working as a police agent under the immediate direction of Deputy Araiza when he went to appellant's house on November 23, that combination of circumstances does not make the trial court's ruling sustaining the claims of Fifth Amendment privilege prejudicially erroneous.

■ A witness "need not actually prove the existence of an incriminatory hazard [in order properly to invoke his Fifth Amendment privilege] as that would surrender the very protection which the privilege against self-incrimination was designed to guarantee. Instead, the privilege forbids compelled disclosures which could serve as a 'link in a chain' of evidence tending to establish guilt of a criminal offense; in ruling upon a

claim of privilege, the trial court must find that it clearly appears from a consideration of all the circumstances in the case that an answer to the challenged question cannot possibly have a tendency to incriminate the witness." (*Prudhomme* v. *Superior Court,* 2 Cal.3d 320, 326 [85 Cal.Rptr. 129, 466 P.2d 673]; see also *Hoffman* v. *United States,* 341 U.S. 479, 486-488 [95 L.Ed. 1118, 1123-1125, 71 S.Ct. 814]; *People* v. *Traylor,* 23 Cal.App.3d 323, 330-331 [100 Cal.Rptr. 116].) Health and Safety Code section 11367 clothed Franklin only with immunity from prosecution for action under the immediate direction, supervision, or instruction of a duly authorized peace officer investigating transactions in narcotics and controlled substances. Assuming that the immunity covered all activity of Franklin during the visit to appellant's house on November 23, 1973, the record does not establish that Franklin's answers to the significant questions asked of him could not possibly have constituted a link in a chain of evidence connecting him with a crime to which the immunity did not extend. The bulk of significant questions sought answers to the effect that Franklin possessed the ounce of cocaine when he went to appellant's house. ■ Affirmative answers could establish links in a chain of evidence establishing Franklin's possession of the contraband unconnected with police direction, supervision, or control. Only Franklin knew whether his relationship with appellant might establish his guilt of an offense not charged in the case at bench. The questions with respect to Franklin's status as an informant might develop evidence of why he knew of appellant's connection with narcotics which itself could incriminate Franklin of illicit transactions in which he was not acting as a police agent. While the privilege may have been improperly allowed as to the question of whether Franklin went to appellant's house with a police officer and similar questions, any error there is not prejudicial since other evidence establishes that proposition without dispute.

■ The second prong of appellant's argument is not available to him on this appeal. A defendant who desires that the prosecution grant immunity to a witness called on his behalf to enable the witness to testify must assert his claim in the trial court. If he does not do so, he cannot on appeal assert error in the failure to grant immunity. (*People* v. *Bernal,* 254 Cal.App.2d 283, 295 [62 Cal.Rptr. 96].)[1] Here appellant did not, in

---

[1]In general, the due process right of fair trial does not require that the prosecution grant immunity to a defense witness in order to compel his testimony despite a claim of Fifth Amendment privilege. (*People* v. *Hernandez,* 19 Cal.App.3d 411, 418 [96 Cal.Rptr. 854].) Conceivably, the general rule does not apply where the witness was acting as a police agent.

the trial court, request that Franklin be granted immunity so that he could testify without danger of incrimination.

The judgment is affirmed.

Wood, P. J., and Lillie, J., concurred.