[Crim. No. 3101. First Dist., Div. One. Aug. 3, 1955.]

THE PEOPLE, Respondent, v. LEE D. TRUBSCHENK, Appellant.

Leo A. Sullivan and Richard F. Scott for Appellant.

Edmund G. Brown, Attorney General, Clarence A. Linn, Assistant Attorney General and Raymond M. Momboisse, Deputy Attorney General, for Respondent.

WOOD (Fred B.), J.—Convicted of a violation of Penal Code, section 476a, defendant has appealed from the judgment and from the order denying his motion for a new trial.

He contends that his right to be present at his trial was violated. Defendant, as well as his counsel, were both personally present at all proceedings up to and including the selection and swearing of the jury and an alternate juror. Thereupon, the trial was continued to May 17, 1954, at 10 o'clock a. m. Defendant's counsel appeared but defendant failed to appear at the appointed hour. The court continued the case from time to time until 1:30 p. m. of that day. Defendant had not yet appeared and his attorney informed the court he did not know the whereabouts of the defendant. The court ordered defendant's bail forfeited and that a bench warrant for the arrest of defendant as a fugitive from justice be issued forthwith. Thereupon, pursuant to stipulation of the deputy district attorney and counsel for defendant, the court ordered that if the trial of the action and of the defendant be called up at a future date, undetermined at that time, the same jury and alternate juror would be called for service and that if any should be ill or away from the county a special venire could be summoned for service to fill in the vacancy on the jury.

On August 31, 1954, defendant and his counsel were present in court and it was ordered that the trial be resumed on September 29, 1954. The court also directed the sheriff to summon the same jurors and alternate juror who had theretofore been selected.

On September 29, 1954, defendant appeared with new and different counsel and moved to dismiss the jury. The motion was denied and the taking of evidence commenced.

It is true that "[t]he defendant must be personally present at the trial . . . If the defendant in a felony case fails to appear at any time during the course of the trial and before the jury has retired for its deliberations or the case has been finally submitted to the judge, and after the exercise of reasonable diligence his presence cannot be procured, the court shall declare a mistrial and the cause may be again

tried." (Pen. Code, § 1043.) According to section 1181 of the Penal Code when in such a case the trial has been had in the absence of the defendant and a verdict has been rendered against him the court may upon the defendant's application grant a new trial. (§ 1181.)

It is not every temporary absence that entails such consequences. Thus, it was held in *People* v. *O'Brien*, 88 Cal. 483, 490 [26 P. 362], that the mere fact that a defendant's "trial was continued when he was not present in court" was not a showing that "the trial . . . was had in his absence." In *People* v. *Morrell*, 28 Cal. 729 [153 P. 977], on one day of the trial "the court convened briefly and in the presence of counsel for the defendant, but not in defendant's presence, made an order continuing the trial until the next day." (P. 734.) That was not deemed an infringement of defendant's right to be present at the trial, the court saying: "There were no proceedings taken other than that a formal adjournment was ordered, and the defendant was not deprived of the right to be present when any matters affecting his guilt or innocence were presented before the jury." (P. 734.) For further discussion of the principles involved and a review of the applicable authorities see *People* v. *Isby*, 30 Cal.2d 879, 892-894 [186 P.2d 405].

Defendant argues that a continuance to an indefinite time in the future, as in the instant case, would necessarily greatly inconvenience the members of the jury and prejudice them against him. That is to indulge in speculation. If in fact the continuance had any bearing upon the outcome of the case it was the result of defendant's own voluntary conduct in failing to attend his own trial on the day in question. We observe that defendant is for the first time making the additional argument that on the 17th of May, 1954, the orders for forfeiture of bail and the issuance of a bench warrant were made in the presence of the jury. He advanced no such claim, made no such assertion in the court below. Indeed, the trial judge, when discussing the question the second time that defendant presented his motion, said among other things "a recess was taken to 11:00 o'clock. The jury was excused and retired from the courtroom while the orders and motions, and so forth, were made with respect to the matter, and they were brought back into court . . ." Defendant's counsel indicated no disagreement with the accuracy of that statement. It would seem too late for him now to do so. Moreover, the

minutes of that day, as they appear in the record before us, are ambiguous.*

Under the circumstances, it is presumed that it was within the scope of the authority of defendant's counsel to stipulate for the continuance which was made. Incidentally, it appears from the record that the defendant is upon this appeal for the first time challenging the authority of his counsel to stipulate. He did not voice any such objection during the trial.

Defendant assigns error also in the asserted failure of the court to admonish the jury when on the 17th of May, 1954, it excused the jury at 11 a. m. and indefinitely continued the case at 1:30 p. m. That was the day defendant failed to appear. Three recesses were taken that day between 10 a. m. and 1:30 p. m. The clerk's transcript shows that on two of those occasions the jury and alternate juror were "admonished." It is silent as to the third. That silence does not necessarily show that the court actually did fail to admonish them on that occasion. It is likewise silent on that question when at 1:30 p. m. they were excused from attendance, subject to call. That silence also does not necessarily show failure to admonish on that occasion. Moreover, it is significant that the jury had not yet received any evidence. It has been held that failure to admonish the jury at a time prior to the introduction of any evidence is a mere technical error and not a ground for reversal. (*People* v. *Coyne*, 116 Cal. 295, 297 [48 P. 218].)
Also, a defendant must show prejudice from failure to admonish, to be entitled to a reversal. (*People* v. *Jordan*, 24 Cal.App.2d 39, 56 [74 P.2d 519] ; *People* v. *Williams*, 128 Cal. App.2d 458, 464 [275 P.2d 513].) Even if the court failed to admonish the jury upon the occasion of two of the four recesses taken on May 17th, it is not conceivable that defendant suffered any prejudice therefrom.

The judgment and the order are affirmed.

Peters, P. J., and Bray, J., concurred.

*They indicate that the orders in question were made in the absence of the jury during the recess from 10 to 11 a. m. Yet, they also recite that those orders were made at 1:30 p. m. when, it would seem, the jury was present.