[Crim. No. 5984. First Dist., Div. One. Jan. 15, 1968.]

THE PEOPLE, Plaintiff and Respondent, v. WILLIAM GENE KESSLER, Defendant and Appellant.

Richard E. Hawk for Defendant and Appellant.

Thomas C. Lynch, Attorney General, John T. Murphy and Karl S. Mayer, Deputy Attorneys General, for Plaintiff and Respondent.

MOLINARI, J.—On this appeal by defendant from a judgment of conviction of assault with a deadly weapon (Pen. Code, § 245), the sole contention is that the evidence did not warrant the giving of an instruction on flight.[1] The pertinent facts follow.

At about 1 a.m. Karen May Lasseter who had had several drinks at several bars, was walking to her home after leaving the Pix Patio Bar in Concord. The driver of a black Ford yelled something unintelligible at her. She thought he was trying to pick her up and continued walking. The automobile passed her, pulled into a parking lot, then emerged with its lights off. Shortly thereafter a man later identified as defendant came up behind Mrs. Lasseter, stuck a tire iron into her side and said, "Come with me." Mrs. Lasseter whirled around, grabbed the tire iron with one hand and defendant's collar with the other hand, and told a passerby, Jesus Verdugo, to call the police.

Verdugo testified that when he first saw defendant and Mrs. Lasseter they were struggling. She was shaking defendant by the collar, and he had a tire iron held behind his back and appeared to be trying to get away from her. Mrs. Lasseter said, "This son-of-a-bitch tried to attack me," and defendant said, "She's crazy. Get this broad off of me." Mrs. Lasseter repeatedly asked Verdugo to call the police while defendant denied that he had attacked her.

Verdugo asked defendant what he was doing and defendant replied that he had stopped to fix a flat tire. Mrs. Lasseter said this was a lie and that defendant had gotten out of his car, pointed a tire iron at her and said, "Come with me, Babe, or else." Verdugo inspected defendant's car and saw it had no flat tires. He reported this to defendant who then said he had been trying to replace a hub cap that fell off. Verdugo saw a hub cap was missing from defendant's car but did not see one lying nearby.

---

[1] Defendant states that his appeal is from both the judgment and the order denying his motion for a new trial. The order denying a new trial is not separately appealable but is reviewed on the appeal from the final judgment of conviction. (Pen. Code, § 1237, subd. 1); *People* v. *King*, 60 Cal.2d 308, 309 [32 Cal.Rptr. 825, 384 P.2d 153]; *People* v. *Fork*, 233 Cal.App.2d 725, 727 (fn. 1) [43 Cal.Rptr. 804]; *People* v. *Britton*, 205 Cal.App.2d 561, 562 [22 Cal.Rptr. 921].) In this case the motion for new trial was based on the same contention as is this appeal.

Meanwhile two boys drove up in a car. Mrs. Lasseter released defendant, who walked over to the car and talked to one of them; then, according to Mrs. Lasseter, defendant started back towards his own car and she grabbed him again. She again yelled, ''Call the police'' and defendant said ''O.k., call the police; as a matter of fact I'll call them,'' whereupon she said ''You're not going anywhere, you son-of-a-bitch,'' and grabbed him again. At about this time the police arrived.

Verdugo testified further that when he first saw defendant and Mrs. Lasseter, it appeared that defendant was trying to get away from her and that one of the two men who had driven up said he had witnessed the affair and thought Mrs. Lasseter was attempting to attack defendant. On cross-examination, when asked whether defendant had been trying to get away from her, Mrs. Lasseter said, ''I couldn't say that he was really forcefully.''

A bartender in Concord testified that Mrs. Lasseter had a reputation in the Concord area for belligerence and aggressiveness, particularly when drinking.

The subject instruction, to which counsel objected below, reads as follows: ''The attempted flight of a person immediately after the commission of a crime, or after he is accused of a crime that has been committed, is not sufficient in itself to establish his guilt, but is a fact which, if proved, may be considered by you in the light of all the other proved facts in deciding the question of his guilt or innocence. The weight to which such circumstance is entitled is a matter for the jury to determine.'' This instruction is worded substantially in the language of Penal Code, section 1127c, except that the statute does not contain the word ''attempted'' before the word ''flight.'' Although defendant asserts that the authority for using the phrase ''attempted flight'' is unclear to him he does not seriously contend that the instruction as given is an incorrect statement of the law. ■ In any event, it is established in this state, for the purpose of drawing the inference of consciousness of guilt, the jury may consider not only acts of successful flight but also acts constituting attempted flight.[2] (*People* v. *Ruiz*, 103 Cal.App.2d 146, 149 [229 P.2d

---

[2]Evidence of acts of an accused designed to prevent arrest, such as flight, are a proper basis for an inference of consciousness of guilt and hence are admissible against the accused as implied admissions. (*People* v. *Santo*, 43 Cal.2d 319, 327 [273 P.2d 249]; *People* v. *Murguia*, 6 Cal.2d 190, 192 [57 P.2d 115]; Witkin, Cal. Evidence (2d ed. 1966) p. 481, § 511.)

73]; *People* v. *Anderson,* 90 Cal.App.2d 326, 333 [202 P.2d 1044]; see *People* v. *Fork, supra,* 233 Cal.App.2d 725, 730.)

When there is no evidence in a case that the defendant attempted to flee from arrest or trial, it is error to instruct on flight. (*People* v. *Goodwin,* 202 Cal. 527, 539-540 [261 P. 1009]; *People* v. *Fremont* 22 Cal.App.2d 292, 300 [70 P.2d 1005]; *People* v. *Goldstein,* 146 Cal.App.2d 268, 276 [303 P.2d 892].) In the present case, however, there is evidence from which the jury could infer either that defendant was trying to flee the scene because of consciousness of guilt but was restrained from doing so by an overwhelming Amazonian woman, or that he was trying to get away from an assault by such a female. The conflict in the evidence, and the ambiguities in the testimony were matters to be resolved by the jury. In *People* v. *Hinshaw,* 194 Cal. 1, 26-27 [227 P. 156], it was held not to be error to give a hypothetical instruction on flight where the evidence was similar to that in the instant case. There the question was whether the defendant left the scene because of consciousness of guilt or to avoid being struck by two rocks thrown at him by the alleged victim of an assault by the defendant. (See also *People* v. *Jack,* 233 Cal.App.2d 446, 458-459 [43 Cal.Rptr. 566].)

We are not unmindful of the numerous cases in which an instruction on flight was given, cited by defendant to demonstrate his contention that to justify such an instruction there must be a clear and unequivocal act on the part of the accused from which a jury could fairly and reasonably infer that the accused was attempting to avoid arrest and trial. While all of these cases present stronger factual evidence of attempted flight than the instant one, they do not compel the conclusion that an inference of flight cannot be made merely because it here appears as likely that defendant was trying to get away from Mrs. Lasseter who was shaking and clutching him, as that he was trying to flee the scene.

We point out, moreover, that the giving of an instruction on flight where it is not proper to do so does not constitute prejudicial error per se as defendant claims. (*People* v. *Ornelas,* 17 Cal.App.2d 608, 610-611 [62 P.2d 608].) None of the cases cited by defendant support his contention. In both *Goodwin* and *Fremont* the error was held to be prejudicial in the face of an unconvincing record against the defendant. In *Goldstein, supra,* 146 Cal.App.2d 268, the court reversed the judgment on other grounds, expressly passing

the question whether the instruction on flight was reversible error.

In the instant case Mrs. Lasseter positively identified defendant as her assailant and the testimony of other witnesses unequivocally placed him at the scene of the alleged assault. The discrepancies in Mrs. Lasseter's testimony as to what defendant said to her when he first approached her have no bearing on her identification of defendant as the man who assaulted her. Regardless of which of the three versions as to what defendant said was correct, defendant could be found guilty of an assault according to Mrs. Lasseter's account of the facts. The jury obviously believed Mrs. Lasseter. Under these circumstances it is not reasonably probable that a result more favorable to defendant would have been reached had the instruction not been given. (Cal. Const., art. VI, § 13; *People* v. *Watson*, 46 Cal.2d 818, 834-837 [299 P.2d 243]; *People* v. *Hamilton*, 60 Cal.2d 105, 120-121 [32 Cal.Rptr. 4, 383 P.2d 412].)

The judgment is affirmed.

Sims, J., and Elkington, J., concurred.