[Crim. No. 763. Fifth Dist. Aug. 21, 1970.]

THE PEOPLE, Plaintiff and Respondent, v.
JOE LUKE WILLIAMS, Defendant and Appellant.

## COUNSEL

Sherman Rogers, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, Edsel W. Haws and Frank A. Iwama, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**STONE, P. J.**—A jury convicted defendant of the crime of battery against the person of Simon Kashian, a police officer, in violation of Penal Code section 243. He was sentenced to state prison for a diagnostic study and recommendation. (Pen. Code, § 1168.) In this appeal, he contends that he was denied due process because he was physically absent during the preliminary examination, the trial judge erred in denying his motion for change of venue, and the evidence is insufficient to support the judgment.

Defendant's appointed counsel attached to the brief several letters and other material which he received from defendant, setting forth matters defendant wishes this court to consider, such as an illegal arrest on a prior, unrelated charge. In addition, defendant filed a supplemental opening brief in which he enlarges upon the change of venue argument, contending the trial court erred in denying his motion to set aside the information, made under Penal Code section 995. He also asserts the evidence clearly reveals a case of self-defense.

The motion to set aside the information is not included in the record, and thus cannot be considered on this appeal. (*People* v. *St. Martin*, 1 Cal.3d 524, 537-538 [83 Cal.Rptr. 166, 463 P.2d 390].)

On September 30, 1968, defendant was an inmate of the Tulare County jail. When Deputy Caldwell went on duty that morning, he was told that the men on the second floor refused to come out of their sleeping quarters and go to the day room because they did not like the meal they had been served the night before. He went to the area to reason with the men, and felt he was "getting through" to them until defendant told him to go on

down the hall and to mind his own business. After completing his rounds, Caldwell heard the inmates rattling the bars of the cells and otherwise creating a disturbance, and returned to the second floor. Sergeant Kashian, Deputies Guy and Pyle, who also heard the disturbance, went to the area.

Deputy Caldwell asked Kashian to move defendant to another cell. Deputy Pyle opened the door to the cell and Kashian requested defendant to come out; defendant refused, stating he was not going to be blamed for the disturbance. Kashian told him he was not being blamed but it would be better for everyone concerned if he were moved. Defendant again refused to be moved, saying something like, "No, you are not going to take me," or "If you want me, you come after me." As Kashian attempted to pull him out, defendant swung with his fists and struck him several times, injuring Kashian's left chest, his jaw, and a finger. Deputies Guy and Caldwell went to Kashian's assistance. Defendant swung at Guy with his left fist; Guy grabbed defendant's left arm and pivoted in an attempt to throw him off balance. In so doing his back was partially turned, and defendant bit Guy in the left shoulder blade area with sufficient force to cut the fabric of his uniform. After defendant struck Caldwell in the mouth, Caldwell hit him on the head with the keys he carried, which only "slowed him down a little bit," and with his fist knocked him backward onto the bunk. Defendant then stated he had had enough, and peacefully left the cell.

Although all three officers were battered and injured, defendant was tried for and convicted of battery against Simon Kashian.

### Due Process

■ Defendant first contends his right to due process of law was violated because he was in custody and not taken to court when the order holding him to answer was made. ■ The People assert defendant may not seek a review of this point on appeal because he did not raise it in his motion to set aside the information under section 995, but asserted it for the first time at the hearing on his motion for a new trial. The Attorney General points out that Penal Code section 1181, subdivision 1, specifies that absence from trial is a ground for a new trial motion, and that absence from the preliminary hearing is not such a ground. He cites *People* v. *Elliot,* 54 Cal.2d 498 at page 505 [6 Cal.Rptr. 753, 354 P.2d 225]: "It is well established that an accused cannot ignore errors in the commitment proceedings until after conviction and then attempt to raise such errors for the first time on appeal."

We do not think *Elliot* bars a review of the question, here, because on the motion for new trial the judge, without objection by the prosecution, permitted a thorough exploration of the claim that defendant was denied

due process by reason of his absence from the preliminary. The court took testimonial evidence from Mr. McKinney, who represented defendant at the preliminary hearing, and from Mr. Jarvis, the deputy public defender who represented defendant during trial, and ordered the issue briefed. After studying the briefs, the judge denied the motion. Therefore we conclude the point is properly before us on the merits, as a request for review of the order denying defendant a new trial. ■ A defendant may properly request a review of an order denying a new trial in addition to an appeal from the judgment. (Pen. Code, § 1237; *People* v. *Lessard,* 58 Cal.2d 447, 450 [25 Cal.Rptr. 78, 375 P.2d 46]; *People* v. *Kessler,* 257 Cal.App.2d 812, 813 [65 Cal.Rptr. 248].)

Defendant and his retained counsel were present in court the first two days of the preliminary hearing. During that time all prosecution witnesses testified and defense counsel thoroughly cross-examined them. Deputy Caldwell was called as a witness by the defense. Lavonne Jones, an inmate of the cell with defendant at the time the battery occurred, did not appear although he had been subpoenaed by the defense. A bench warrant issued for Jones' arrest and, at defendant's request, the municipal court judge granted a continuance so Jones could appear. When Jones was not located, the judge granted a second continuance to December 10, 1968. Defendant's attorney, McKinney, appeared in court at that time, but defendant was not present. The judge asked if there were to be any proceedings that day, and McKinney responded, "No, your Honor." He apparently explained that the witness Jones was unavailable, because the court ordered defendant bound over, and signed an order of commitment.

At the hearing on motion for new trial, McKinney testified that he was aware the defendant was not present and that he did not call this fact to the attention of the municipal court judge. However, he said that before defendant entered his plea in the superior court he advised defendant to tell Mr. Jarvis, deputy public defender who then represented him, that he, defendant, had been absent at the time the order was made binding him over to the superior court. Defendant failed to do so.

Moreover, before filing a motion to set aside the information under section 995, Mr. Jarvis consulted with Mr. McKinney, but was not advised of defendant's absence when the court made its ruling after holding the preliminary examination. Hence Mr. Jarvis did not make that a ground for the motion and did not raise the point until making a motion for a new trial. As noted, the trial judge was advised of these facts and permitted the point to be raised, argued and briefed. Accordingly, we consider the question on the merits in reviewing the denial of motion for new trial.

Section 977 of the Penal Code, as amended in 1968, provides: "(b) In all cases in which a felony is charged, the accused must be present at the arraignment, at the time of plea, during the preliminary hearing, during those portions of the trial when evidence is taken before the trier of fact, and at the time of the imposition of sentence. . . ."

When a claim is made that absence of a defendant from a portion of his trial violates due process, the determinative question on appeal is whether the accused suffered any damage by reason of such absence. This is clear from *People* v. *Isby,* 30 Cal.2d 879, 894 [186 P.2d 405]: "In considering this point in relation to the constitutional guaranty of due process, Mr. Justice Cardozo in the case of *Snyder* v. *Massachusetts,* 291 U.S. 97 [78 L.Ed. 674, 54 S.Ct. 330, 90 A.L.R. 575], aptly observed at pages 106-108 [78 L.Ed. pp. 678-679]: 'Nowhere in the decisions of this court is there a dictum, and still less a ruling, that the Fourteenth Amendment assures the privilege of presence when presence would be useless, or the benefit but a shadow . . . [Rather] the presence of a defendant is a condition of due process to the extent that a fair and just hearing would be thwarted by his absence, and to that extent only.' Thus, it is not necessary for a defendant to be present at proceedings which are merely preliminary or formal and at which matters affecting his guilt are not presented. [Citations.] The determinative question is whether or not the accused suffered any damage by reason of absence at a particular stage of the proceedings."

Absence of a defendant under the following circumstances has been found to be without prejudice, in light of *Isby*: from a conference in chambers at which immunity was granted a codefendant (*People* v. *Boehm,* 270 Cal.App.2d 13, 19-20 [75 Cal.Rptr. 590]); at time of sentencing by a California court while he was confined in a federal prison in Texas (*In re Jimenez,* 269 Cal.App.2d 621, 623-624 [75 Cal.Rptr. 152]); at discussions at the bench or in chambers between court and counsel (*People* v. *Leyve,* 187 Cal.App.2d 249, 256 [9 Cal.Rptr. 469]; *People* v. *Spencer,* 170 Cal.App.2d 145, 149-150 [338 P.2d 484]; *People* v. *Rodriguez,* 169 Cal.App.2d 771, 782 [338 P.2d 41] (at preliminary hearing); *People* v. *Justice,* 167 Cal.App.2d 616, 623-624 [334 P.2d 1031]; *People* v. *Baker,* 164 Cal.App.2d 99, 103-104 [330 P.2d 240]); after selection of jury when the defendant failed to appear and the court continued the trial to a future date with the proviso that the same jury should try the case (*People* v. *Trubschenk,* 134 Cal.App.2d 796, 797-798 [286 P.2d 436]); when causes were transferred from one department of the superior court to another (*People* v. *Daniels,* 85 Cal.App.2d 182, 192-197 [192 P.2d 788]); and when the court questioned a juror in chambers on the 11th trial day concerning grounds for disqualification and then ordered him disqualified (*People* v. *Abbott,* 47 Cal.2d 362, 372 [303 P.2d 730]).

The rationale of *Isby* is particularly applicable here, since the preliminary hearing is not a trial on the issue of guilt or innocence. "The purpose of the preliminary hearing is to weed out groundless or unsupported charges of grave offenses, and to relieve the accused of the degradation and the expense of a criminal trial." (*Jaffe* v. *Stone,* 18 Cal.2d 146, 150 [114 P.2d 335, 135 A.L.R. 775]; *People* v. *Elliot, supra,* 54 Cal.2d 498, 504.)

Defendant was present during the taking of all evidence; only the ruling of the court was made on the day he was absent. The burden rests upon an accused to show damage arising from the claimed error, and defendant does not say how he was prejudiced by not being present when the order was made. He makes no suggestion why or how his physical presence in the courtroom would affect the ruling.

In his supplemental brief, defendant suggests that his retained counsel could not waive his right to compulsory process at the preliminary. We fail to see the import of his argument. Moreover, the transcript of the preliminary hearing is not a part of the record and the suggestion depends upon matters outside the record, which are not properly before the court for review. (*People* v. *Brawley,* 1 Cal.3d 277, 294 [82 Cal.Rptr. 161, 461 P.2d 361]; *People* v. *Gardner,* 71 Cal.2d 843, 849 [79 Cal.Rptr. 743, 457 P.2d 575]; *People* v. *Merriam,* 66 Cal.2d 390, 396-397 [58 Cal.Rptr. 1, 426 P.2d 161].)

## CHANGE OF VENUE

Before commencement of trial, in chambers, defendant personally made an oral motion for a change of venue on the ground that "The news media has given out information that's unfair." He mentioned that he had heard one radio broadcast and that it was stated in a newspaper article that he said the food in jail was not fit for pigs. He said his retained counsel, Mr. McKinney, had refused to move for a change of venue. The deputy public defender who was then representing defendant did not join in the motion, and stated to the court that he saw no merit in it but that defendant felt he could not receive a fair trial in Tulare County because of his race.

Penal Code section 1034 requires an application for removal to "be made in open court and in writing, verified by the affidavit of the defendant," a copy of which must be served upon the district attorney at least one day prior to the hearing of the application. Here, the deputy district attorney made no objection to the motion, and failure to comply with technical formalities was waived by the People. The trial judge denied the motion

for change of venue without prejudice to defendant, stating that if it developed during selection of a jury that there was widespread publicity and a large or substantial number of prospective jurors had formed an opinion based thereon, he would reconsider the motion. The *voir dire* examination of the prospective jurors is not à part of the record; in any event, the motion was not renewed by defendant after selection of the jury, and it must be assumed there is no corroboration of defendant's claim of unfair publicity and the issue was waived.

### SUFFICIENCY OF EVIDENCE

■ Defendant's one-sentence statement that the evidence is insufficient to support the judgment merits little consideration. In his statement of facts, defendant points to his own testimony, overlooking or ignoring testimony of the officers; he then concludes the evidence clearly supports a finding of self-defense. The record shows that defendant testified in his own behalf and attempted to establish a case of self-defense or mistake of fact; the jury was correctly instructed on those theories, it believed the testimony of the officers and rendered a verdict accordingly. ■ The test on appeal is whether substantial evidence supports the conclusion drawn from the facts by the trier of fact, not whether the evidence proves guilt beyond a reasonable doubt. (*People* v. *Mosher,* 1 Cal.3d 379, 395 [82 Cal.Rptr. 379, 461 P.2d 659]; *People* v. *Hillery,* 62 Cal.2d 692, 702 [44 Cal.Rptr. 30, 401 P.2d 382].) ■ The testimony of the officers is sufficient to support the judgment.

The judgment is affirmed.

Gargano, J., and Coakley, J., concurred.