Opinion
LILLIE, J.
A jury found defendant guilty of attempted receiving stolen property (§§ 664, 496 Pen. Code). He appeals from the judgment (order granting probation).
After receiving information from an informant (Leñares) concerning a person dealing in stolen property, Officer Lizardi accompanied him to defendant’s house; outside, Leñares called out for defendant who appeared at the window and directed them to the front door where they were admitted by defendant’s father, Jose; they met with defendant in a back bedroom; defendant asked the officer his business whereupon he handed defendant a package in which were two guns (police property) telling him he had stolen them and wanted enough ($50) to buy two spoons of heroin; defendant offered $30 which Officer Lizardi accepted; defendant gave him the money and said if he ever needed more money for heroin he would buy all the guns he could steal.
After Officer Lizardi and Leñares departed, Officers Wroblewski, Knox, Fitzgerald and Carter were advised by radio the sale had occurred and followed Officer Lizardi and Leñares to defendant’s residence; two officers covered the rear, and Officers Wroblewski and Knox knocked on the door; defendant’s father Jose opened the door; after Officer Wroblewski identified himself, explained his purpose of being there and several times demanded entry to arrest defendant, and was restrained by Jose, he finally forced the door open and found defendant in the rear bedroom where he was arrested and advised of the charge. A consent search of the bedroom revealed no guns, and when the officers told defendant they were going to get a search warrant for the house, defendant said “Okay, I give them to you but I didn’t buy them, these two guys just dropped them off here.” After defendant had a conversation with Jose the latter took Officer Wroblewski to an adjoining bedroom where he retrieved the two guns from the clothes closet.
*836 Defendant’s father testified for the defense to the effect that Officer Lizardi who was with another man planted the guns in his bedroom while defendant was bathing then when he shouted at the officer, he ran out of the house bumping into him; later officers came to the door one of whom held a gun on him saying, “I’m arresting Humberto Rios for having illegal arms, stolen arms,” then went directly to defendant’s bedroom, pointed a gun at defendant, and physically abused him. Defendant denied he had ever seen the rifles in the attic or the ammunition under the sink.
Officer Lizardi denied ever being in any bedroom but the one occupied by defendant, shoving or bumping into Jose and hiding any guns in the house; Officer Knox testified that Officer Wroblewski pulled no gun at the time of entry; Officer Fitzgerald said he and Officer Carter entered the house after defendant was in custody, searched Jose’s room and found two rifles in the attic and several boxes of ammunition below the sink in the kitchen; and Officer Wroblewski denied pointing a gun at Jose, having a gun in his hand until he entered defendant’s bedroom and physically abusing defendant.
The cause was originally set for trial for May 28. On May 24, defendant sought a ruling to compel the prosecution to disclose the informant’s address. Defense counsel advised the court he had discussed the matter with Mr. Dawson of the district attorney’s office who offered to bring in the informant so he could talk to him; and at the outset told the court: “I am requesting a court ruling on whether or not I should get his address.” His stated reason was that he could send an investigator out to talk to him and interview his neighbors as to his credibility; and defense counsel conceded that he knew the name of the informant (Tommy Leñares). The trial deputy objected to giving the address because of fear that “an unfair pressure” would be brought to bear on the informant by the defense; he said he did not intend to call him at trial and did not intend to call him on rebuttal unless something “happens” at trial. Asked by the court his understanding with the district attorney’s office, defense counsel repeated, “Well, they said they would produce him at any date convenient with both parties so I could talk to him. Mr. Dawson made that representation to me,” whereupon the trial deputy assured the court “We will produce him in our office.” Because the trial was only four days away, and “under the circumstances and the representation.” the court denied the motion without prejudice. Thereafter due to various pretrial defense motions, congested calendars and defense requests for continuance the cause was not tried until August 9.
*837 Appellant contends that he was deprived of due process because of the failure of the prosecution to disclose the address of the informant, and seeks a dismissal. Even though the informant is a material witness on the issue of guilt in that he was present at the sale of the guns by Officer Lizardi to defendant, and “When an informer is a material witness on the issue of guilt, the People must disclose his identity or incur a dismissal. [Citations.]” (Eleazer v. Superior Court, 1 Cal.3d 847, 851 [83 Cal.Rptr. 586, 464 P.2d 42]), the circumstances here render invalid any claim that defendant was deprived of due process. “Identity” includes not only the name of the informant but all pertinent information which might assist the defense to “locate” and “produce” him. (Eleazer v. Superior Court, 1 Cal.3d 847, 851.) “Due process requires only that the police and the district attorney undertake reasonable efforts in good faith to locate the informer so that either party or the court itself (see Evid. Code, § 775), could, if it so desired, subpena him as a witness.” (P. 853, fn. omitted.) It is apparent that the purpose of disclosure is to permit the defense to subpoena the informant as a witness.
The record before us shows that this purpose was satisfied. The district attorney undertook a good faith effort “to make some arrangement under which [the informant] could be successfully subpenaed for trial____” (Eleazer v. Superior Court, 1 Cal.3d 847, 853 [83 Cal.Rptr. 586, 464 P.2d 42].) He was willing and ready to produce the informant in his office at any time mutually convenient to the defense and the informant. At such time the defense could have questioned him, and subpoenaed him for trial because defendant knew the informant’s name. But the record is silent concerning any indication by defense counsel to the district attorney or to the court that he desired to see or talk with Leñares, or that he sought to renew his motion at any time during the two and one-half months before trial.
Moreover, it appears from both the minute order of August 4 and the reporter’s transcript of the second day of trial proceedings (Aug. 10) that the informant was in court on August 4, that the court ordered him to appear at the trial on telephone notice by defense counsel, that defense counsel was supplied with Leñares’ telephone number and that defense counsel did not call him. On August 10 defense counsel advised the court that on August 4 “the Court had placed on call at my request, one Tommy Leñares, and he was ordered to appear upon a phone notice” and Leñares has acknowledged no phone calls; and requested a bench warrant. (Italics added.) The court ordered a body attachment to issue for Leñares reciting that “The Court on August 4, 1976, specifically *838 placed Mr. Leñares on call to defense counsel.” Upon questioning by the court it developed that defense counsel never personally called the informer, thus the court vacated the order for the body attachment because “[Leñares] was on call to you directly, Mr. Torribio [defense counsel]” whereupon defense counsel represented to the court “Well, I will make the call.” The record contains no further reference to this subject and we do not know whether any such telephone call was made by counsel to obtain the presence of Leñares at trial.
The factual conclusion is that before trial the defense knew the informant’s name and telephone number; the district attorney was ready and willing to produce him in his office prior to trial and defense counsel unexplicably failed to take advantage of this offer which would have allowed him to examine Leñares and subpoena him for trial; actually the informant was physically in court five days before trial counsel’s request, placed under court order to respond to telephone notice by defense counsel “directly,” it appearing that defense counsel chose this way of insuring his presence at trial instead of serving a subpoena on him; and that as far as this record shows, defense counsel never telephoned Leñares. Our legal conclusion is that under the circumstances of this case, the informant was adequately identified, his home address was not essential to the defendant’s right to a fair trial and defendant was not deprived of due process. From the casual treatment of the matter by the defense after the court denied without prejudice the motion to compel disclosure of the informant’s address, we surmise that defense counsel was not all that anxious to have the informant in court.
Also without merit is appellant’s claim that he is entitled to a reversal because the court violated the “mandatory” procedures of section 1042, subdivision (d) Evidence Code in that he was absent when it refused to order disclosure of the informant’s address. He relies on the following underscored language of the section, “(d) When, in any such criminal proceeding, a party demands disclosure of the identity of the informant on the ground the informant is a material witness on the issue of guilt, the court shall conduct a hearing at which all parties may present evidence on the issue of disclosure. . . . The court shall not order disclosure, nor strike the testimony of the witness who invokes the privilege, nor dismiss the criminal proceeding, if the party offering the witness refuses to disclose the identity of the informant, unless, based upon the evidence presented at the hearing held in the presence of the defendant and his counsel . . . the court concludes that there is a *839 reasonable possibility that nondisclosure might deprive the defendant of a fair trial.” (Italics added.)
We have found no case interpreting this section. However, we read the pertinent language of the statute to mean that the court shall conduct a hearing at which the parties may present evidence, and if evidence is presented, defendant and his counsel must be present at the hearing; and that defendant’s presence is necessary only when evidence is presented. This interpretation is consistent with the interpretation given by our courts to the language of sections 977 and 1043 Penal Code.
Section 977, subdivision (b) provides that in all felony cases the accused must be present at specified times and “during those portions of the trial when evidence is taken before the trier of fact. .. .” Section 1043 requires that the defendant in a felony case be personally present at the trial. From a variety of cases construing these sections together there has evolved a general rule that a defendant’s presence “is required only ‘during those portions of the trial when evidence is taken before the trier of fact.’ (Pen. Code, §§ 977, 1043.)” (People v. House, 12 Cal.App.3d 756, 766-767 [90 Cal.Rptr. 831], overruled on other grounds in People v. Beagle, 6 Cal.3d 441, 451 [99 Cal.Rptr. 313, 492 P.2d 1].) In House the court held that the fact that defendant was not personally present during arguments in chambers relative to the admissibility of certain evidence was not a basis of error (p. 767). Though citing House and the Penal Code provisions for the rule that “A defendant’s presence is required when evidence is taken before the trier of fact,” the court in People v. Benjamin, 52 Cal.App.3d 63 [124 Cal.Rptr. 799] held that defendant’s presence at the murder scene and preliminary questions concerning lighting conditions there was made unnecessary by his specific waiver of the right to be present (p. 76). People v. House, 12 Cal.App.3d 756, 766-767 [90 Cal.Rptr. 831]; People v. Williams, 10 Cal.App.3d 745, 749-752 [89 Cal. Rptr. 364] [defendant present at time evidence taken at preliminary hearing but absent at time of ruling on issue briefed by counsel]; People v. Boehm, 270 Cal.App.2d 13, 19-10 [75 Cal.Rptr. 590] [defendant absent from discussion of counsel in chambers resulting in granting immunity to codefendant]; and People v. Leyva, 187 Cal.App.2d 249, 256 [9 Cal.Rptr. 469] [colloquy between judge and juiy at bench or in chambers] point up that a defendant’s presence is required when evidence is taken before the trier of fact, and the defendant was not prejudiced when he was absent from a hearing at which no evidence was presented. They also hold that when a claim is made that absence of a defendant from a portion of his trial violates due process, the burden is *840 on him to show he was prejudiced by his absence; and the determinative question on appeal is whether he suffered any damage by reason of such absence. (People v. Isby, 30 Cal.2d 879, 894 [186 P.2d 405].) The foregoing rule of prejudice was explained in People v. Williams, 10 Cal.App.3d 745, at page 751 [89 Cal.Rptr. 364], and applied. The court held that since the preliminary hearing is not a trial on the issue of guilt or innocence and “Defendant was present during taking of all evidence; only the ruling of the court was made on the day he was absent” (p. 752) and defendant failed to show damage arising from the claimed error, there was no denial of due process. We follow the rationale of the foregoing authorities.
The reporter’s transcript of the oral proceedings had on the motion of May 24 establishes that defendant was absent; that no evidence of any kind was offered or presented on the hearing; that no one intended to present evidence on the hearing; that at the outset of the hearing defense counsel himself set the limits of the proceeding by restricting it to court action on his request for a ruling—“I am requesting a court ruling on whether or not I should get his address”; that it was unnecessary for the court to make any kind of finding of fact; and that the court did not make any such finding. In light of the nature of the hearing we fail to see in what manner defendant could have suffered damage by his absence. He asserts here that had he been present “he might have been able to testify and further assist his counsel in linking up the issues of his defense with the [informant’s] apparent knowledge of the facts,” a completely frivolous assertion in consideration of the record which indicates first, that no party intended to or did present any evidence, and certainly defense counsel had no intention of calling defendant to testify; and second, that there was no need to link up the informant with the defense issues because it was conceded by all and understood by the court that indeed the informant was a material witness having been present at the sale transaction of the guns. Appellant has failed to show that a fair and full hearing on the motion to disclose was thwarted by his absence. (See People v. Williams, 10 Cal.App.3d 745, 751 [89 Cal.Rptr. 364], relying on People v. Isby, 30 Cal.2d 879, 894 [186 P.2d 405].) Finally, defendant was not denied the ability to contact, interview and subpoena Leñares. The district attorney gave defendant this opportunity but the defense did not take advantage of it. Before trial the informant was physically in court but instead of subpoening him defense counsel chose to request that the informant be placed on telephone notice by him (defense counsel), but counsel failed to take advantage of this too. This *841 leads us to conclude that had defendant wanted Leñares at trial, Leñares would have been there.
The judgment is affirmed.
Wood, P. J., and Hanson, J., concurred.
A petition for a rehearing was denied December 1, 1977.